UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.: 8:17-cv-00768-CJC (ADSx)      Date: November 15, 2019

Title: *Chris L. Jones, et al. v. A Buyer's Choice Home Inspections, Ltd., et al.*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

| Kristee Hopkins | None Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**     **(IN CHAMBERS) ORDER TO SHOW CAUSE RE: CONTEMPT OF COURT AND SANCTIONS**

On November 12, 2019, the Court held a settlement conference ordered by District Judge Cormac Carney. Judge Carney ordered the parties to participate in a settlement conference with the assigned Magistrate Judge after denying both parties' motions for summary judgment and referring to the parties' repeated failures to prosecute/defend the case, follow Court orders, and comply with the Federal Rules of Civil Procedure and the Local Rules.

The settlement conference was attended by plaintiffs, their counsel, and defendant's counsel. Defendant made a brief appearance telephonically at the beginning of the settlement conference. After separately conferring with plaintiffs and their counsel, and then defendant's counsel (who did not attempt to include his client telephonically), the Court terminated the settlement conference when it became clear that continued settlement efforts would not be fruitful.

It has come to the Court's attention that defendant and his counsel may have committed a fraud on the court in order to avoid defendant's personal appearance at the Court-ordered settlement conference. Pursuant to Local Rule 16-15.5(b) and this Court's Order Re: Settlement Conference [Dkt. No. 66], parties are required to appear in person at a settlement conference with the Magistrate Judge. Despite this Court's practice of requiring the personal appearance of all parties and counsel for settlement

conferences, defendant requested and obtained court permission to appear telephonically due to a heart condition (pulmonary edema) and physician advice not to fly due to risk of pulmonary embolism. Both defendant and his counsel offered declarations based upon personal knowledge and under penalty of perjury in support of this request.

Specifically, defendant's counsel filed an Ex Parte Application to Appear Telephonically, in which defendant declared under penalty of perjury:

> I am unable to attend the mediation in person per the Court's order. I reside in Florida. I have a pulmonary edema condition which means that I have blood in my lungs. My doctor has advised me that I should not fly because of the possibility of an embolism. I have been confined to driving within the vicinity of my residence. I am scheduled to be admitted to the hospital in December 2019.

[Dkt. No. 65]. Defendant's counsel similarly declared under penalty of perjury. [Id.]

It has come to the Court's attention that defendant participated in the Miami Man Half Triathlon on November 10, 2019. Two days before the settlement conference, defendant was physically able to participate in a triathlon competition involving swimming, biking, and running—strenuous activities which are known to carry a risk of pulmonary edema.

**By no later than Friday, November 22, 2019**, defendant is **ORDERED TO SHOW CAUSE why defendant and defendant's counsel should not be held in contempt of court and sanctioned** for perpetrating a fraud on the Court; perjury; failing to comply with Court orders, Local Rules, Federal Rule of Civil Procedure 11, and counsel's duty of candor to the court; and needlessly increasing the cost of litigation and burden on the Court.

By way of declaration under penalty of perjury, defendant and his counsel must explain and/or provide to the Court the following:

1. Admit or deny defendant William Redfern participated in the 2019 Miami Man Half Triathlon on November 10, 2019.
2. Evidence to support <u>each and every</u> statement in defendant's declaration on page 2, lines 1–5.
3. Evidence to support <u>each and every</u> statement in defendant's counsel's declaration on page 1, lines 25–26, and page 3, lines 8–12.
4. Admit or deny the authenticity of the Instagram post one week prior to the settlement conference reflecting defendant's preparation for the 2019 Miami Man National Championship, attached as "Attachment A".
5. Admit or deny the authenticity of the 2019 Miami Man Half Triathlon results for Bill Redfern, attached as "Attachment B".
6. Admit or deny the authenticity of the 2019 Miami Man Half Triathlon photos of Bill Redfern, one of which is attached as "Attachment C".

Plaintiffs may also submit a brief regarding the relevant issues including that of appropriate sanctions. If plaintiffs propose recovery of attorneys' fees and costs related to the settlement conference, they must file a declaration of counsel detailing plaintiffs' attorneys' fees and costs for preparation and attendance.

Pursuant to 28 U.S.C. § 636(e)(6)(B), this OSC is set for a hearing on Wednesday, December 18, 2019 at 10:00 a.m. in Courtroom 6B on the 6th floor of the Ronald Reagan Federal Building and U.S. Courthouse, 411 West Fourth Street, Santa Ana, California 92701. The personal appearance of defendant and his counsel is required unless a request with evidence of good cause is granted by the Court prior to the hearing.

**IT IS SO ORDERED.**