UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

CHRIS L. JONES, *et al.*,

Plaintiffs,

v.

A BUYER'S CHOICE HOME INSPECTIONS, LTD., *et al.*,

Defendants.

Case No.: SACV 17-00768-CJC (ADSx)

**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

Federal courts have diversity jurisdiction over cases between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). But "Section 1332 has been interpreted to require 'complete diversity.'" *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 580 n.2 (1999) (citing *Strawbridge v. Curtiss,* 3 Cranch 267 (1806)). And "[d]iversity jurisdiction does not encompass foreign plaintiffs suing foreign defendants." *Faysound Ltd. v. United Coconut Chemicals, Inc.*, 878 F.2d 290, 294 (9th Cir. 1989). "If

at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

When Defendants removed this case, they asserted that the Court has diversity jurisdiction. (Dkt. 1.) As a preliminary matter, the Court does not have complete information about the parties' citizenship. Plaintiffs allege that they are "current residents of Canada and were residents of the State of California." (Dkt. 1-2 [Complaint] ¶ 1.) But they do not allege, nor do Defendants address in their Notice of Removal, Plaintiffs' citizenship. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Plaintiffs' complaint and Pfizer's notice of removal both state that Plaintiffs were 'residents' of California. But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency."). Similarly, Plaintiffs allege that the various Defendant entities are Canadian corporations and Florida limited liability companies. (*Id.* ¶¶ 2–3.) But they do not allege, nor do Defendants address in their Notice of Removal, the citizenship of the LLC defendants' members, or the principal place of business of the corporation defendant. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."); 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). Defendant William Redfern is alleged to be a Canadian citizen and Florida resident. (*Id.* ¶ 5.) The Complaint does not appear to allege the citizenship of Defendant Arne Trejno.

This lack of complete information is not all that gives the Court pause. In their Notice of Removal, Defendants asserted that "[c]omplete diversity exists in that Plaintiffs are both citizens of Canada and all Defendants are citizens of Florida or Canada." (Dkt. 1 ¶ 18.) However, diversity is incomplete in cases where, as appears to be the case here, all plaintiffs are foreign citizens and at least one defendant is also a foreign citizen. *See*

*Ruhrgas*, 526 U.S. at 580 n.2 (explaining that "[t]he foreign citizenship of defendant Ruhrgas, a German corporation, and plaintiff Norge, a Norwegian corporation, rendered diversity incomplete"); *Faysound*, 878 F.2d at 295 ("Faysound's original complaint asserting that there was federal jurisdiction in a suit between 'citizens of a foreign state and citizens of foreign states and a citizen of a state of the United States' asserted jurisdiction where none existed."); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prod. Liab. Litig.*, 826 F. Supp. 2d 1180, 1197 n.15 (C.D. Cal. 2011) ("[T]here is not *complete* diversity between foreign Plaintiffs and a foreign Defendant.").

Accordingly, the Court orders Plaintiffs to show cause in writing by Thursday, April 2, 2020, at 12 noon, why this action should not be remanded to state court for lack of subject matter jurisdiction. Defendants may submit a response by the same deadline.

DATED: March 26, 2020

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE