# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| **CHRIS L. JONES,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **A BUYER'S CHOICE HOME INSPECTIONS, LTD.,** *et al.*, <br><br> Defendants. | Case No.: SACV 17-00768-CJC (ADSx) <br><br> **ORDER REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT** |

A defendant may remove a civil action filed in state court to a federal district court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441. Federal courts have subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. §§ 1331, 1332. Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil &*

*Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Indeed, "[n]othing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted).

When Defendants removed this case, they asserted that the Court has diversity jurisdiction. (Dkt. 1.) (The Complaint [Dkt. 1-2] asserts a single cause of action for breach of contract, so federal question jurisdiction plainly does not exist.) Specifically, Defendants asserted that "[c]omplete diversity exists in that Plaintiffs are both citizens of Canada and all Defendants are citizens of Florida or Canada." (Dkt. 1 ¶ 18.) However, "Section 1332 has been interpreted to require 'complete diversity.'" *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 580 n.2 (1999) (citing *Strawbridge v. Curtiss,* 3 Cranch 267 (1806)). And "[d]iversity jurisdiction does not encompass foreign plaintiffs suing foreign defendants." *Faysound Ltd. v. United Coconut Chemicals, Inc.*, 878 F.2d 290, 294 (9th Cir. 1989).

More specifically, diversity is incomplete in cases where, as appears to be the case here, all plaintiffs are foreign citizens and at least one defendant is also a foreign citizen. *See Ruhrgas*, 526 U.S. at 580 n.2 (explaining that "[t]he foreign citizenship of defendant Ruhrgas, a German corporation, and plaintiff Norge, a Norwegian corporation, rendered diversity incomplete"); *Faysound*, 878 F.2d at 295 ("Faysound's original complaint asserting that there was federal jurisdiction in a suit between 'citizens of a foreign state and citizens of foreign states and a citizen of a state of the United States' asserted jurisdiction where none existed."); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prod. Liab. Litig.*, 826 F. Supp. 2d 1180, 1197 n.15 (C.D. Cal. 2011) ("[T]here is not *complete* diversity between foreign Plaintiffs and a foreign Defendant.").

On March 26, 2020, the Court issued an order to show cause why this action should not be remanded to state court for lack of subject matter jurisdiction. (Dkt. 98.) In the order to show cause, the Court described the above authority, and also noted that the Court lacks complete information about the parties' citizenship. First, Plaintiffs allege that they are "current residents of Canada and were residents of the State of California." (Dkt. 1-2 [Complaint] ¶ 1.) But they do not allege their citizenship. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Plaintiffs' complaint and Pfizer's notice of removal both state that Plaintiffs were 'residents' of California. But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency."). Similarly, Plaintiffs allege that the various Defendant entities are Canadian corporations and Florida limited liability companies. (Compl. ¶¶ 2–3.) But they do not allege the citizenship of the LLC defendants' members, or the principal place of business of the corporation defendant. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."); 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). Finally, the Complaint does not appear to allege, the citizenship of Defendant Arne Trejno. Nor did Defendants address these issues in their Notice of Removal, despite their burden of establishing that the district court has subject matter jurisdiction over the action. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Neither party filed a response to the Court's order to show cause regarding jurisdiction. And the Court has serious doubts regarding jurisdiction in this case, where Plaintiffs are Canadian residents and Defendants are citizens of at least Canada and Florida, especially since neither side responded to the Court's order to show cause. *See Ruhrgas*, 526 U.S. at 580 n.2; *Faysound*, 878 F.2d at 295; *In re Toyota*, 826 F. Supp. 2d at 1197 n.15.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Federal jurisdiction must be rejected if there is *any* doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (emphasis added). Accordingly, the Court **REMANDS** this case to Orange County Superior Court.

The Court would be remiss if it did not address the unfortunate fact that Defendant William Redfern—who also appears to be the sole person in control of the various entity defendants—blatantly lied to the Court multiple times. However, the Court lacks jurisdiction to act on Mr. Redfern's bad faith and willful conduct, which wasted enormous amounts of the Plaintiffs' and the Court's time and resources.

DATED: April 3, 2020

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE